IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD FOULK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-16-43 |
| | : | |
| PENNSYLVANIA BOARD OF | : | (Judge Brann) |
| PROBATION AND PAROLE, ET AL., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

January    , 2016

**Background**

Richard Foulk, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview) initiated this pro se civil rights action. Named as sole Defendant are the Pennsylvania Board of Probation and Parole (Parole Board) and its Secretary. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 2. The Complaint is currently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(b). For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are the Pennsylvania Board of Probation and Parole

(Parole Board) and its Secretary. Plaintiff generally alleges that the Defendants violated his due process rights by issuing two green sheets in the same month and "by issuing an improper calculation of time owed and improperly modifying this plaintiff's state sentence." Doc. 1, ¶ IV(2). As relief, Foulk requests that the unlawful modification of his sentence be corrected. See id. at ¶ V.

**Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

**Parole Board**

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh

Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).  It has been similarly concluded by the United States Court of Appeals for the Third Circuit that Pennsylvania's Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies such as the state police are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71.  "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).   Accordingly, the Parole Board is not a properly named defendant in this matter.

**Habeas Corpus**

More importantly, it is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975).  The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights

claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to the standards announced in Georgevich and Edwards, Plaintiff's present claims of improper calculation of his state parole violator sentence and his related request for correction of his Pennsylvania state sentence are not properly raised in a civil rights complaint.[1] Accordingly, Plaintiff's claims will be dismissed without prejudice to any right Foulk may have to pursue said allegations via a federal habeas corpus petition.

**Conclusion**

In sum, the Parole Board, as an agency of the Commonwealth of Pennsylvania, is not a properly named defendant. More importantly, Plaintiff's allegations and requests for relief sound in habeas corpus. Since Foulk's civil rights complaint is "based on an indisputably meritless legal theory," it will be

---

[1] It is noted that this is not a case where a general practice or policy of the Parole Board is being challenged on constitutional grounds. Rather, Foulk is simply alleging that improper action was taken in his individual case.

dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

                      BY THE COURT:

                        s/   Mattthew W. Brann
                      Matthew W. Brann
                      United States District Judge